**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BOARD OF TRUSTEES OF THE )
NORTHERN ILLINOIS BENEFIT FUND, )
BOARD OF TRUSTEES OF THE )
NORTHERN ILLINOIS PENSION FUND, )
BOARD OF TRUSTEES OF THE )
NORTHERN ILLINOIS EDUCATION )
FUND, BOARD OF TRUSTEES OF ) No.
THE NORTHERN ILLINOIS )
RETIREMENT FUND, ) Judge
                                )
            Plaintiffs, ) Magistrate
                                )
v. )
                                )
TEMP CONTROL, INC., )
An Illinois Corporation, )
                                )
            Defendant. )

```
FILED: MAY 22, 2008
08CV2993        TC
JUDGE ST. EVE
MAGISTRATE JUDGE BROWN
```

**COMPLAINT**

    Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, by their attorneys, DONALD D. SCHWARTZ, PHILIP BRZOZOWSKI and ARNOLD AND KADJAN, complain against Defendant, TEMP CONTROL, INC., an Illinois corporation, as follows:

    1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

1

(b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws.  The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4.    (a)    Defendant, TEMP CONTROL, INC., **("Temp")** is an Illinois corporation and is doing business within this Court's jurisdiction.

(b)    **Temp** is an employer engaged in an industry affecting commerce.

5.    **Temp** has entered into a collective bargaining agreement with Local 501 pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees.  (See copy of Memorandum of Agreement attached hereto as Exhibit "A").

6.     By virtue of certain provisions contained in the collective bargaining agreements, **Temp** is bound by the Trust Agreement establishing the Funds.

7.     Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **Temp** is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.     Plaintiffs are advised and believe that for the period October 1, 2007 through present**, Temp** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreement and Trust Agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

9.     An audit by the Plaintiffs' accountant of the books and records of Defendant, **Temp**, is necessary in order to determine any further amounts the Defendant, **Temp**, owes to the Plaintiffs for the period from October 1, 2007 to the present.

10.     Due to its failure to pay the contributions, **Temp** is further obligated to pay contributions in an amount shown to be due under an audit.

15th day of the month following the month in which hours were worked for which contributions are due.  (See page 8 of Trust Agreement attached as Exhibit "B")

10.    The Trust Agreement further states that the signatory employers "acknowledge that the liquidated damages will be used to deter administrative costs arising by reason of [their] delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain."  Further, the "Employers acknowledge these costs to be at a minimum of ten percent (10%), waiving the necessary of any additional proof thereof."  (See page 8 of Trust Agreement attached as Exhibit "B")

11.    Plaintiffs are advised and believe that **Temp** has been late on multiple occasions in its monthly contributions since at least the work month of October 2007. The total liquidated damages incurred during this period of time as a result of submitting monthly reports after the 15th of the month following the performance of covered work will be determined by an audit for the period October 1, 2007 through present.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.    Plaintiffs be awarded such liquidated damages amounts to be determined by an audit for the period October 1, 2007 through present.  Such audit was complained for in Count I.

B.    Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action;

C.    **Temp** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D.     That the court grant Plaintiffs such other and further relief as it may deem

appropriate in the circumstances.

<div style="margin-left: 45%;">

Respectfully submitted,
**BOARD OF TRUSTEES OF THE
NORTHERN ILLINOIS BENEFIT
FUND, et al.**


By:___s/Philip Brzozowski_____
        One of their Attorneys

</div>

Donald D. Schwartz
Philip Brzozowski
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

**EXHIBIT A**

## MEMORANDUM OF AGREEMENT

This Agreement is entered into between Plumbers and Pipefitters Local 501 and

_Temp Control Inc_ _____ (The Employer):

1.  The employer recognizes the Local Union as the sole and exclusive bargaining representative of all the Employer's employees performing work within the Craft and Geographic Jurisdiction of the Union with respect to their wages, hours of work, fringe benefits and all other terms and conditions of employment.

2.  The employer affirms the Collective Bargaining Agreement between the Union and the Plumbing and Mechanical Contractors Association of Northern Illinois and Midwestern Association for Plumbing-Heating-Cooling Contractors.

3.  The Collective Bargaining Agreements between the Association and the Union are incorporated herewith as if they were set forth in full and the Employer acknowledges receipt of a copy of the Collective Bargaining Agreement.

4.  The Employer agrees to pay the amounts it is bound to pay under the Collective Bargaining Agreement to the Pension Fund, Welfare Fund, Education Fund, and Industry Fund and to be bound by and considered a party to the Agreements and Declarations of Trust creating such Funds.

5.  This Agreement shall remain in full force and in effect through May 31, 2008, shall continue thereafter, unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. In the absence of service of such notice, this Agreement shall automatically renew itself, together with all amendments and improvements as negotiated after said expiration by and between the Union and the above named Association for the new terms of these Agreements.

This Agreement is hereby executed on this _15th_ day of _July_, 20 _05_.

FIRM NAME _Temp Control Inc._

ADDRESS _670 Hunt Ave_

CITY _Elk Grove Vlg_          STATE _ll_     ZIP _60007_

PHONE _(847) 545 8003_

_Alicia A. Miller_
Signature

Title _President_

PLUMBERS AND PIPEFITTERS LOCAL 501

_Larry S Allport_
Larry G. Allport, Business Manager

**PLEASE FILL OUT THIS SHEET COMPLETELY AND RETURN TO LOCAL 501**

**EXHIBIT B**

required.  The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed sixty (60) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA.  If such contributions are not received within the period as so extended, said obligations shall be conclusively deemed to include interest computed from the original due date as defined above.

Section 4.  <u>DEFAULT IN PAYMENT.</u>  The Trustees shall immediately notify the Union and the Association if any contributing Employer is delinquent in the payment of any monies due to the Fund and shall also so notify the delinquent Employer.  Nonpayment by an Employer of any contributions when due shall not relieve any other Employer of his obligations to make payments.  The Trustees may take any action necessary to enforce payment of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

The Trustees are authorized to establish a reasonable and lawful grace period within which contributions must be received; contributions not received before the expiration of said period shall be assessed liquidated damages of at least ten percent (10%) of the monies due per month.  All Employers who are parties to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to deter administrative costs arising by reason of said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, the Employers acknowledge these costs to be at a minimum of ten percent (10%), waiving the necessity of any additional proof thereof.  The Trustees may, in their sole discretion, increase the amount of liquidated damages imposed on any delinquent Employer to an amount which is not more than 20% of the contributions found to be due.  Among the factors to be considered by the Trustees in exercising this discretion shall be the extent of the collection activity required, the amount of the contributions due, the willfulness of the Employer's failure to make contributions, and other relevant factors.

In addition, the delinquent contributions shall bear interest up to the

8